# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHY WHIPPLE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL[1],<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:16-cv-01254 - JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

Dorothy Whipple initiated this action by filing a complaint on August 24, 2016, seeking judicial review of the decision to denying an application for Social Security benefits. (Doc. 1) On August 30, 2016, the Court entered its Scheduling Order, setting forth the applicable deadlines. (Doc. 6) Pursuant to the Scheduling Order, the parties exchanged confidential letter briefs, with Defendant serving the Commissioner's response on March 30, 2017. (Docs. 17, 19)

Following the exchange of letter briefs, Plaintiff sought an extension of time for filing an opening brief in the action, which was granted by the Court on April 19, 2017. (Docs. 20, 21) The Court granted the extensions requested, and ordered Plaintiff "to file an opening brief on or before **May 19, 2017**." (Doc. 21 at 1, emphasis in original) To date, Plaintiff not filed the opening brief.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

1

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, **within 14 days,** Plaintiff **SHALL** show cause in writing why the action should not be dismissed for failure to prosecute or to follow the Court's Order or, within the same time period to file an opening brief. **If Plaintiff fails to comply with the deadline as ordered, the Court will find that Plaintiff has abandoned the action, and dismiss the matter.**

IT IS SO ORDERED.

Dated: **May 31, 2017**               **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE